

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711
November 25, 1969

Mr. Gordon Lloyd
Executive Secretary
Employees Retirement System
Capitol Station
Austin, Texas

Opinion No. M-515

Re: Section 3E of the
Act governing the
Employees Retirement
System

Dear Mr. Lloyd:

You have recently requested of this office an Attorney General's Opinion with respect to certain aspects of the Employees Retirement System which you administer. We understand that you are presently concerned with implementing Section 3E,1/ added to the Act as a new subsection by the 61st Legislature, Regular Session, 1969, as construed in Attorney General Opinions No. M-413 (1969) and No. M-490 (1969).

Section 3E reads as follows:

"Subsection E.

"Any person who was an Elective State Official and who has served not less than eight (8) years in the Legislature of Texas (as such creditable service is defined in Chapter 524, Acts of the Regular Session, 58th Legislature

1/ All references in this opinion to section numbers or to subdivisions of a section, unless otherwise indicated, are to Chapter 352, Acts of the 50th Legislature, Regular Session, 1947, as amended by Chapter 524, Acts of the 58th Legislature, R.S., 1963, last amended by Chapter 114, p.287, Acts of the 61st Legislature, Regular Session, 1969, codified as Article 6228a, Vernon's Civil Statutes.

-2458-

as amended) may become a member of the
Employees Retirement System by paying
into such system Two Hundred Eighty-
Eight Dollars ($288) for each year of
service in the Legislature of Texas.
Provided further, any such person must
make application to become a member and
pay in such sums prior to January 1,
1970. Such application shall be made
on forms provided by the Board, and,
thereupon, such person shall be en-
titled to all the privileges and bene-
fits of such system."

Attorney General Opinion No. M-413 holds that Section
3E is constitutional as it applies to a person who is serv-
ing the State as an officer or employee at the time he seeks
to become a member of the System and avail himself of credit
for past legislative service, but unconstitutional as it
applies to a person not so serving.

The question then arises as to when a person eligible
under 3E becomes a member. Section 3C is applicable to a
person seeking membership under Section 3E; hence, an appli-
cant otherwise qualified for membership under Section 3E as
interpreted by Opinions M-413 and M-490 becomes a member of
the system as of the first day of the month in which he com-
mences to serve the State as an appointive officer or em-
ployee, or "in" the month in which he takes the oath of office
if elected or appointed to an elective office, if such holder
of an elective office elects to become a member, conditioned
that for the purpose of becoming a member eligible for the
benefits available under Section 3E he must make the appli-
cation and pay the sum required under that section prior to
January 1, 1970. Section 3E provides that application for
membership shall be made on forms provided by the Board,
but we are of the opinion that a person otherwise eligible
may become a member upon tender of the required sum if he has
been unable after a good faith effort to obtain forms from
the Board.

You have also inquired as to the length of time a per-
son must serve as an officer or employee of the State in
order to qualify for membership under Section 3E. The Legis-
lature is completely silent on this question, and this office
is without authority to supply language and say that a person

must so serve for any specific period of time. For your guidance, we do affirmatively hold that an applicant otherwise eligible would satisfy the membership condition if he commenced serving as an officer or employee prior to December 1, 1969 and continued to so serve at least through December 31, 1969, or if he commenced serving as an officer or employee at any time prior to January 1, 1970, and continued to so serve at least through January 31, 1970. In either event he would have become a member prior to January 1, 1970, under the provisions of 3C discussed above, and the System would be able to set up his record and credit him with a payroll contribution. In the latter case he might not begin to accrue additional service credit until January 1, 1970, but Section 3C operates to make him a member prior to that date.

The next question concerns the nature of the rights acquired under Section 3E. In this connection we call your attention to the fact that Opinions M-413 and M-490 speak solely to the narrow subject of a particular type of creditable service for which application and payment must be made within a limited time. Nothing in either of those opinions governs any form of creditable service other than the Legislative service specifically provided for in Section 3E.

Opinion No. M-490 holds that an eligible applicant for membership under Section 3E becomes a member of the "elective class". The term "elective class" is used in that opinion solely to characterize the nature of the benefits to which the person becomes entitled. As provided in the last sentence of Section 3E, once a person becomes a member of the System under that section, he has a vested right in the benefits payable to a former _Legislator_ under the Act _by virtue_ of his prior service as a _Legislator_. The term refers to the specific _type_ of "creditable service" to which he is entitled, and thereby determines the rate at which his benefits will be calculated _to the extent_ that his benefits are based upon his prior service as a _Legislator_.

For the very reason that the Legislature has provided a special procedure whereby a former Legislator may purchase credit for a _special type_ of prior service, i.e., legislative service, we have held under Opinion M-490 that the Legislature has not required a member under Section 3E to

serve five years before he may purchase that type of prior service credit. Another indication of Legislative intent is that it would be clearly impossible for a Legislator returning to State service to serve five years before January 1, 1970.

Note that Section 3E makes no provision for the purchase or transfer of any type of creditable service other than prior Legislative service. Credit could be allowed a person coming into the System under Section 3E for any other type of creditable service only in conformity with other provisions of the Act and with established administrative procedure. In this connection, we have stated in Opinion M-490 that Section 4F is not applicable to the question there under consideration. That statement is correct in the context there made, for there we had under consideration a person's qualifying for the special type of creditable service authorized under Section 3E. Whether a person coming into the System under Section 3E may transfer other creditable service, when he may do so, and the type of benefit he will receive are determined by the facts of his employment when he seeks to do so. If he then holds an elective office he may claim such additional service, if eligible, upon taking the oath of office. If he then is the holder of an appointive office or is an employee he may claim any other creditable service only under the same conditions and requirements as those applicable to other members of the same class of membership, including the five year membership requirement.

The procedures outlined in the paragraph next above would seem to maintain the required difference between classes of membership based upon duties, etc., of elective officials as distinguished from those of employees, as authorized in the Constitution and as otherwise provided in the Act.

Section 3E does not expressly waive or require the payment of a membership fee. That being true, we interpret the Legislative intent to be that a person becoming a member under that section shall pay, for each year of creditable service purchased, the statutory $2.00 membership fee. Such fee may be paid with the sum required under Section 3E or it may be deducted from the member's first paycheck.

For the reason that Legislative salaries are paid from the General Revenue Fund, all matching amounts payable by the State under Section 3E are payable from that same fund.

# S U M M A R Y

Section 3E, Chapter 352, Acts of the 50th Legislature, R.S., 1947, as amended by Chapter 524, Acts of the 58th Legislature, R.S., 1963, last amended by Chapter 114, p. 287, Acts of the 61st Legislature, R.S., 1969, codified as Article 6228a, V.C.S., must be read together with other sections of the Act. A person entering the Employees Retirement System under Section 3E becomes a member of the System as of the first day of the month in which he is employed, or in the month in which he takes the oath of office if he holds an elective office. To be eligible for the prior service provided under Section 3E, however, the member must, prior to January 1, 1970, file the application and pay the sum required under that section. An eligible person who has purchased under Section 3E eight or more years of prior Legislative service has a vested right in a paid-up annuity to be calculated, to the extent that his benefits are based upon prior Legislative service, on the same basis as that provided for elective officials, and he does not have to serve five years to qualify for this type of creditable service. His right to receive other creditable service and the benefits to be derived therefrom are determined by

the facts of his employment, other provisions of the Act, and established administrative procedure.

A person buying credit for prior Legislative service shall pay a membership fee of $2.00 for each year of creditable service purchased in addition to the sum required under Section 3E.

Matching amounts payable by the State under Section 3E are payable from the General Revenue Fund.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

John Banks
Houghton Brownlee
John Grace
Sarah E. Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant